FLOYD L. CROCKER, Respondent, *v.* FREDERICK G. PAGE, Individually, and as Surviving Member of the Firm of PAGE & MARTIN, et al., Appellants.

*Contract — specific performance — option to purchase real property contained in written lease — defense of waiver and estoppel.*

*Crocker* v. *Page*, 210 App. Div. 735, affirmed.
(Argued April 9, 1925; decided May 12, 1925.)

APPEAL from a judgment, entered November 29, 1924, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury and directing judgment in favor of plaintiff. The action was to compel specific performance of an option to purchase real property contained in a lease. The defense was waiver and estoppel.

*Charles W. Walton* for appellants.
*Harry Cook* and *Newton B. Van Derzee* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

HAROLD S. BENEDICT, as Administrator of the Estate of MARIAN H. BENEDICT, Deceased, Appellant, *v.* ARTHUR M. ANDREWS, Defendant, and UNITED TRACTION COMPANY, Respondent.

*Negligence — railroads — automobile struck from behind by trolley car and forced over body of plaintiff's intestate lying in street — insufficient proof that death was caused by passage of automobile over body.*

*Benedict* v. *Andrews*, 210 App. Div. 816, affirmed.
(Argued April 9, 1925; decided May 12, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 24, 1924, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term, setting aside a

verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Defendant Andrews while driving his automobile along Fifteenth street in the city of Troy observed the intestate lying motionless in the roadway and stopped his automobile within a few feet of her. Immediately after one of defendant, respondent's trolley cars, approaching from the rear, struck the automobile and forced it forward over the body of intestate. She died of a fractured skull. The trial court dismissed the complaint on the ground that there was no sufficient proof that the injury causing death was produced by the passage of the automobile over the body of deceased.

*John F. Murray* and *William H. Murray* for appellant.
*John T. Norton* and *John E. MacLean* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

FRANK SANDERS, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Negligence — railroads — Boiler Inspection Act — injury to locomotive fireman from fall of curtain at rear of locomotive striking him on head.*

*Sanders* v. *N. Y. C. R. R. Co.*, 212 App. Div. 849, affirmed.

(Argued April 10, 1925; decided May 12, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 17, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. The complaint alleged that plaintiff, a locomotive fireman, while engaged in his duties was struck on the head by the curtain at the rear of the locomotive, which had been rolled up on top of the vestibule, when the engine